The PEOPLE of the State of
Colorado, Complainant,

v.

Burton Clarence UNDERHILL,
Attorney-Respondent.

No. 85SA223.

Supreme Court of Colorado,
En Banc.

Sept. 30, 1985.

Linda Donnelly, Disciplinary Pros., George S. Meyer, Deputy Disciplinary Pros., Denver, for complainant.

Burton C. Underhill, pro se.

ERICKSON, Justice.

This is another chapter in the disciplinary proceeding against Burton C. Underhill (respondent). On June 11, 1984, we suspended the respondent for one year and a day. *People v. Underhill*, 683 P.2d 349 (Colo. 1984). Prior to the expiration of the period of suspension, additional complaints were filed against the respondent and we now extend the suspension for an additional year and order that the respondent pay the costs of these proceedings.

The grounds for suspension in the first instance are similar to those that mandate a year's extension of the original suspension. When these proceedings were initiated the respondent failed to answer or respond in any way, and on the day of the hearing telephoned the disciplinary prosecutor and agreed to participate in the hearing by telephone. During the hearing various exhibits were admitted to establish that the respondent was served with the complaint and notices relating to the disciplinary proceedings. During the telephone conference the respondent admitted receiving the complaint and some of the other notices. In the course of the telephone hearing both the disciplinary prosecutor and the respondent presented statements to the hearing board.

The complaint alleged that the respondent charged a client more than $550 for making a few phone calls relating to a child support dispute. He continued his representation of his client after his initial suspension and totally failed to comply with

C.R.C.P. 241.21.[1] He continued to represent his client as if he had never been suspended and collected fees for his services after he was suspended. However, he refused to answer his client's telephone calls and the client employed another lawyer who was unable to reach the respondent although many telephone calls were made and none were returned.

The hearing board has found that the respondent continued to practice after he was suspended, failed to notify the court or opposing counsel of his suspension, and collected the balance of an excessive fee after his suspension.

In addition, he refused to cooperate with the Grievance Committee even after he was advised that his failure to answer the complaint or respond could result in disciplinary sanctions. C.R.C.P. 241.6(7).

The respondent has alcohol-related problems that caused the committee to recommend treatment or possible transfer to disability inactive status. The respondent, however, although acknowledging his alcohol addiction, has not followed any of the suggestions.

The conduct of the respondent is contrary to C.R.C.P. 241.6 and 241.21, and violates the Code of Professional Responsibility DR 1–102(A)(6) (conduct adversely reflecting on the ability to practice law); DR 2–106(A) (charge an excessive fee); DR 2–110(B)(2) (continue employment in violation of a disciplinary rule); DR 3–101(B) (practice law in violation of regulations); and DR 9–102(B)(4) (prompt payment of funds due a client).

Accordingly, the respondent is suspended for an additional one year. His initial suspension was for one year and one day and commenced on June 11, 1984. His suspension is extended until June 12, 1986, and he then may be admitted to practice only after establishing that he is rehabilitated, has complied with the order of suspension, and

1. C.R.C.P. 241.21 provides in pertinent part:

(b) **Notice to Clients in Pending Matters.** A lawyer against whom an order of disbarment, suspension, or transfer to disability inactive status has been entered shall promptly notify in writing by certified mail each client whom he represents in a matter still pending of the order entered against him and of his consequent inability to act as a lawyer after the effective date of such order, and advising such clients to seek legal services elsewhere. In addition, he shall deliver to each client all papers and property to which the client is entitled.

(c) **Notice to Parties in Litigation.** A lawyer against whom an order of disbarment, suspension, or transfer to disability inactive status is entered and who represents a client in a matter involving litigation or proceedings before an administrative body shall notify that client as required by subsection (b) of this Rule, and shall recommend that the client promptly obtain substitute counsel. In addition, the lawyer must notify in writing by certified mail the opposing counsel of the order entered against him and of his consequent inability to act as a lawyer after the effective date of the order. The notice to opposing counsel shall state the place of residence of the client of the lawyer against whom the order was entered.

If the client of the lawyer against whom an order was entered does not obtain substitute counsel before the effective date of such order, the lawyer must appear before the court or administrative body in which the proceeding is pending and move for leave to withdraw.

(d) **Affidavit Filed With Supreme Court.** Within ten days after the effective date of the order of disbarment, suspension, or transfer to disability inactive status, or within such additional time as allowed by the Supreme Court, the lawyer shall file with the Supreme Court an affidavit setting forth a list of all pending matters in which the lawyer served as counsel and showing:

(1) That he has fully complied with the provisions of the order and of this Rule; and

(2) That he has notified every other jurisdiction before which he is admitted to practice law of the order entered against him; and

(3) That he has served a copy of such affidavit upon the Committee Counsel and Disciplinary Prosecutor.

Such affidavit shall also set forth the address of the lawyer to which communications may thereafter be directed.

In addition, the lawyer shall continue to file a registration statement in accordance with C.R.C.P. 227 for a period of five years following the effective date of the order listing his residence or other address where communications may thereafter be directed to him; provided, however, that the annual registration fee need not be paid during such five-year period unless and until the lawyer is reinstated. Upon reinstatement the lawyer shall pay the annual registration fee for the year in which reinstatement occurs.

has paid the costs of this disciplinary proceeding. The costs are $120.48 and shall be paid to the Colorado Supreme Court Grievance Committee, 600–17th Street, Suite 500 South, Denver, Colorado 80202, within sixty days after the issuance of this opinion.